MARTIN J. BRILL (SBN 53220)
DANIEL H. REISS (SBN 150573)
GIL HOPENSTAND (SBN 225899)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Diane C. Weil, solely in her
capacity as chapter 7 trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>RONCO CORPORATION, a Delaware corporation and RONCO MARKETING CORPORATION, a Delaware corporation, dba CASTLE ADVERTISING,<br><br>　　　　　　　　　　　Debtors.<br><br>DIANE C. WEIL, Chapter 7 trustee,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WWOR-TV, INC., AN OHIO CORP.,<br><br>　　　　　　　　　　　Defendant. | Jointly Administered under<br>Case No.: 1:07-bk-12000 (GM)<br><br>Chapter 7<br><br>Adv. No. 1:08-ap-_____ (GM)<br><br>COMPLAINT FOR:<br><br>1.　AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) AND 551;<br><br>2.　RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550(a); AND<br><br>3.　DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT PURSUANT TO 11 U.S.C. § 502(d)<br><br>SUMMONS TO BE ISSUED |

Diane C. Weil, Chapter 7 Trustee in the above-captioned bankruptcy cases and plaintiff in this adversary proceeding, respectfully represents and alleges:

## JURISDICTION AND VENUE

1.　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 502, 547, 550 and 551 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with cases under Title 11 which are pending in this District.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b) (2) (A), (B), (F), and (O).

### PARTIES

5. Ronco Corporation and Ronco Marketing Corporation dba Castle Advertising (collectively, the "Debtors") commenced the above-captioned bankruptcy cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code on June 14, 2007 (the "Petition Date"). Substantially all of the assets of the Debtors' estates were sold to Ronco Acquisition Corporation under 11 U.S.C. § 363, which sale closed on or about August 9, 2007 (the "Sale"), at which time the Debtors' operations ceased. The bankruptcy cases were subsequently converted to chapter 7 by order of the Bankruptcy Court on August 20, 2007 (the "Conversion Date").

6. Diane C. Weil is the duly appointed and acting chapter 7 trustee of the jointly administered bankruptcy estates ("Plaintiff" or "Trustee").

7. WWOR-TV, Inc., an Ohio corp. (the "Defendant") was a creditor of one or both of the Debtors during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date (the "Preference Period").

### FIRST CLAIM FOR RELIEF

[FOR AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547]

8. Plaintiff realleges and incorporates by this reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

2

9.    During the Preference Period, one or both of the Debtors made one or more transfers to Defendant totaling not less than $ 38,165.00 (the "Transfers"). The Transfers are listed in Exhibit "A" hereto. Plaintiff expressly reserves his right to amend Exhibit "A" to include additional transfers.

10.    The Transfers were of a property interest of one or both of the Debtors.

11.    The Transfers were made to or for the benefit of Defendant at a time in which Defendant was a creditor of one or both of the Debtors.

12.    The Transfers were for or on account of an antecedent debt owed by one or both of the Debtors before such Transfers were made.

13.    The Transfers were made while one or both of the Debtors was insolvent.

14.    The Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtors' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15.    The Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

16.    The Debtors are entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

17.    The Transfers are preserved for the benefit of the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

[FOR RECOVERY OF PROPERTY - 11 U.S.C. § 550]

18.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

3

19. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them.

20. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers, together with interest thereon, as set forth above.

### THIRD CLAIM FOR RELIEF

[FOR DISALLOWANCE OF CLAIM – 11 U.S.C. § 502(d)]

21. Plaintiff realleges and incorporates by this reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

22. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550, and/or Defendant received an avoidable transfer under 11 U.S.C. § 547.

23. Defendant has not paid the amount, or turned over any such property for which Defendant is liable under 11 U.S.C. § 550.

24. Pursuant to 11 U.S.C. § 502(d), any and all of Defendant's claims against Debtor and the Estate should be disallowed.

25. The objection to claim should not bar the Trustee from objecting to Defendant's claim on other grounds.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. On the First Claim for Relief:

    (a) For judgment on Plaintiff's First Claim for Relief against Defendant for the avoidance of preferential Transfers pursuant to 11 U.S.C. § 547(b); and

4

   (b) That the Transfers be preserved for the benefit of the Debtors' estates pursuant to 11 U.S.C. § 551.

  2. On the Second Claim for Relief:

   Plaintiff recovers the Transfers from Defendant as the initial transferee, as immediate or mediate transferees or as the entity for whose benefit the Transfers were made, pursuant to 11 U.S.C. § 550(a)(1) or (2).

  3. On the Third Claim for Relief:

   The Court disallow the Defendant's Proof of Claim under 11 U.S.C. § 502(d).

  4. On All Claims for Relief:

   (a) For Plaintiff's costs of suit incurred herein;

   (b) For pre-judgment interest on any amount recovered at the lawful rate in an amount to be established according to proof at trial; and

   (c) For such other and further relief as this Court deems necessary and appropriate.

Dated: April 21, 2008   LEVENE, NEALE, BENDER, RANKIN
          & BRILL L.L.P.

          By: _/s/ Gil Hopenstand_
          GIL HOPENSTAND
          Attorneys for Diane C. Weil, solely in her
          capacity as chapter 7 trustee

# EXHIBIT "A"

Exhibit A

| | | | |
|---|---|---|---|
| WWOR | 3/26/2007 | 10778 | 9,520.00 |
| WWOR | 4/17/2007 | 10883 | 6,800.00 |
| WWOR | 5/22/2007 | 10946 | 4,760.00 |
| WWOR | 5/22/2007 | 10957 | 4,760.00 |
| WWOR | 5/23/2007 | 10978 | 6,800.00 |
| WWOR | 5/31/2007 | 11001 | 5,525.00 |
| **WWOR Total** | | | 38,165.00 |